UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE  DIVISION


ROSS C. RICKABAUGH, individually and )
on behalf of those similarly situated,           )
                      Plaintiff,                         )
                                                               )
        vs.                                                  )                    3:11-cv-00057-RLY-WGH
                                                               )
STANLEY STEEMER OF EVANSVILLE, )
INC.,                                                       )
                      Defendant.                      )


**ENTRY ON DEFENDANT'S MOTION TO RECONSIDER THE COURT'S
NOVEMBER 1 ENTRY**

        On November 1, 2011, the court granted in part and denied in part Plaintiff's

Motion for Approval and to Facilitate Notice to Collective Plaintiffs Pursuant to 29

U.S.C. § 216(B) ("Plaintiff's Motion for Approval").  Defendant, Stanley Steemer of

Evansville, Inc. ("Stanley Steemer"), now asks the court to reconsider and reverse its

decision to grant in part Plaintiff's Motion for Approval pursuant to Federal Rule of Civil

Procedure 60(b) ("Rule 60(b)").[1]  If the court chooses not to reverse the decision to

conditionally certify the collective action class in its November 1 Entry on Plaintiff's

Motion for Approval ("November 1 Entry"), then Stanley Steemer requests that the court

issue a revised entry clarifying that its decision was limited to the question of whether

_____

        [1]Stanley Steemer mistakenly cited Federal Rule of Civil Procedure 63(b) rather than Rule 60(b) in
its Motion Brief, but noted the error in its Reply Brief.  Although Mr. Rickabaugh requests that the
Motion to Reconsider be denied due to this error, the court will review the Motion pursuant to Rule 60(b),
which the parties agree is the appropriate rule.

1

Plaintiff, Ross C. Rickabaugh ("Mr. Rickabaugh"), met his threshold burden of showing that he is similarly situated to potential collective action class members. For the reasons set forth below, Defendant's Motion to Reconsider is **DENIED**.

## I.      Background

Mr. Rickabaugh, an employee of Stanley Steemer at all times relevant to the Complaint, alleges that Stanley Steemer failed to pay him overtime premiums and required him to work during some or all of his lunch hour without payment of minimum wages, all in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Rickabaugh then filed a motion with this court to conditionally certify collective action status for himself and sixteen (16) to twenty (20) similarly-situated employees of Stanley Steemer. At this early stage, Mr. Rickabaugh's burden was minimal and required that he demonstrate merely a reasonable factual showing that he is similarly situated to potential class members. Stanley Steemer argued that Mr. Rickabaugh and potential class members are exempt from the FLSA's overtime requirements and that the claims of potential class members would require an individualized analysis of compensation and duties for each employee. The court looked to the pleadings and affidavits, accepted Mr. Rickabaugh's allegations as true, and determined in its November 1 Entry that Mr. Rickabaugh satisfied his burden. Accordingly, the court conditionally certified the collective action. Stanley Steemer now asks the court to reconsider its decision.

## II.     Motion to Reconsider Standard

Under Rule 60(b), the court may relieve a party from a final judgment, order, or

proceeding for many reasons, *inter alia*, mistakes, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. FED.R.CIV.P. 60(b). Such a motion is appropriate if the court patently misunderstood a party, made a decision outside the adversarial issues presented to the court, made an error not of reasoning but of apprehension, or a controlling or significant change in the law or facts occurred. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Relief under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009) (internal quotations omitted). A district court's denial of a motion to reconsider under Rule 60(b) is reviewed for an abuse of discretion. *Id.* at 808.

## III.   Discussion

In its request that the court reconsider its decision on conditional certification, Stanley Steemer claims that the court relied on non-binding, out-of-jurisdiction case law which ignores the clear language of the applicable statute, relied on facts not in the record regarding critical details of Mr. Rickabaugh's basis of compensation, and created a dispute of fact as to whether Rickabaugh served as an exempt employee where no such dispute existed. Mr. Rickabaugh argues that Stanley Steemer is merely rehashing arguments the court already rejected.

Stanley Steemer's first argument, that the court did not address its argument that the out-of-jurisdiction cases on which the court relied were wrongly decided in light of the language of the applicable statute, is an attack on the court's reasoning rather than its

apprehension. Accordingly, this argument fails. First, Stanley Steemer admits that the Seventh Circuit has not addressed the question of whether a compensation plan similar to Stanley Steemer's compensation for its technicians qualifies as a bona fide commission plan, which determines whether Stanley Steemer is exempt from the FLSA requirements. Second, the out-of-jurisdiction cases on which the court relied interpreted the same statutory language and were based on virtually identical fact patterns. Persuaded by those cases and without binding precedent, the court found that under the facts pled by Mr. Rickabaugh, Stanley Steemer was not exempt from the FLSA requirements. Stanley Steemer is not challenging the court's understanding of its arguments, but rather the court's reliance on cases in which courts reached a conclusion with which Stanley Steemer disagrees. Such an argument is inappropriate for a motion to reconsider.

Second, Stanley Steemer accuses the court of relying on facts outside the record in deciding that Mr. Rickabaugh received less than half of his earnings from commissions and thus was not exempt from the FLSA's overtime requirements. In his sworn affidavit, Mr. Rickabaugh explained that outside of commissions, he was paid an hourly base rate of $8.00. (Affidavit of Ross C. Rickabaugh ("Rickabaugh Affidavit") ¶ 6). Taken in the light most favorable to Mr. Rickabaugh, the court interpreted this to mean that the majority of his earnings came from a base hourly rate, which was supplemented by commissions. (November 1 Entry, 7). Although Stanley Steemer is correct in its assertion that Mr. Rickabaugh's statement in his Reply Brief that he did not receive more than half his compensation in the form of commissions lacks a citation to the record, Mr.

Rickabaugh's affidavit provides facts that allow such an inference to be reasonably made.

Third, Stanley Steemer contends that Stanley Steemer's allegation that Mr. Rickabaugh served as a Commercial Sales Representative for at least a portion of the relevant time period is not disputed. Nowhere in the Complaint does Mr. Rickabaugh allege that he served as a Commercial Sales Representative. In fact, he alleges holding the position of assistant laborer, and "various other titles, such as, crew chief, laborer, and assistant laborer." (Complaint ¶ 10). As the court stated in its November 1 Entry, discovery is necessary to determine whether Mr. Rickabaugh held the position of Commercial Sales Representative. (November 1 Entry, 10). Again, based on the pleadings and affidavits, the court correctly found that Mr. Rickabaugh met his minimal threshold burden of showing that he is similarly situated to potential class members.

Finally, to the extent that Stanley Steemer believes the court's November 1 Entry signals a decision on the merits, the court reiterates that its decision was based solely on the pleadings and affidavits, accepting Mr. Rickabaugh's allegations as true. For example, Stanley Steemer cites the court's statement that "Plaintiff is not exempt from the FLSA's overtime requirements," without noting that the preceding sentence reads "the court must accept Plaintiff's allegations . . . as true." (November 1 Entry, 7). Also, the court noted as part of the standard that conditional certification is based on the pleadings and affidavits, and that the court must accept the plaintiff's allegations as true. (*Id.* at 5). Stanley Steemer cites bits and pieces of the November 1 Entry in expressing its concerns; however, when read as a whole, the language is clear and does not warrant an amended

entry.

Stanley Steemer has not presented circumstances so exceptional as to warrant the extraordinary remedy it requests. Furthermore, the court reiterates that the collective action has only been conditionally certified, with the final determination to be made after the close of discovery. Mr. Rickabaugh's burden at this stage is minimal, and the court retains the right to decertify the class after discovery if the plaintiffs are not in fact similarly situated.

## IV. Conclusion

For the reasons set forth above, Stanley Steemer's Motion to Reconsider (Docket # 38) is **DENIED**.

**SO ORDERED** this 6th day of March 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Emmanuel V.R. Boulukos
ICE MILLER LLP
emmanuel.boulukos@icemiller.com

Tami A. Earnhart
ICE MILLER LLP
earnhart@icemiller.com

James L. Petersen
ICE MILLER LLP
james.petersen@icemiller.com

Lane C. Siesky
SIESKY LAW FIRM, PC
lane@sieskylaw.com